■ In the Matter of BEN KASPER, Petitioner, v. JOHN P. LOMENZO, as Secretary of State of the State of New York, Respondent.— COOKE, J. Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Secretary of State which revoked petitioner's real estate broker's license. There was testimony at the hearing indicating, among other things: that in 1963 petitioner began discussing with representatives of the Niegocki estate the possibility of selling real property belonging to it, only to learn through Bloom, an attorney at times representing the estate and the attorney representing petitioner regarding the charges made herein, that a sale was not then possible because of estate problems; that there was communication between Kasper and one McGovern in 1965 regarding an estate parcel, but thereafter McGovern

spoke to Scharf, a licensed real estate salesman authorized to sell by the Niegockis, and an oral purchase arrangement evolved; that it was understood that the purchaser would pay all commissions; that Bloom was supposed to prepare a contract but none was forthcoming for several weeks and, at this point, Kasper called McGovern and informed him that the sale probably would never be consummated through Scharf but that he, Kasper, could deliver the property; that, prior to this contact with McGovern, Kasper had discussed the deal with Bloom and Kasper understood that he would split a portion of the commission with Bloom; that the deal closed in 1967 and McGovern and his grantee paid Scharf a commission of $3,100, no part of which was turned over to Kasper; that Kasper retained Bloom to attempt to collect from Scharf and, after correspondence and phone calls, the attorney requested the Attorney-General's office to undertake prosecution of Scharf. Section 441-e of the Real Property Law requires that the holder of a license shall be notified in writing of any charges made against him before a hearing to revoke his license. The party whose rights are being determined must be fully apprised of the claims of the opposing party (*Matter of Hecht* v. *Monaghan,* 307 N. Y. 461, 470) and, more specifically, when proceedings involving a charge of untrustworthiness are brought, the charge should be definite so that the accused might know against what he has to defend (*Matter of Chiaino* v. *Lomenzo,* 26 A D 2d 469, 472; cf. *Matter of Diona* v. *Lomenzo,* 26 A D 2d 473, 475). Regarding petitioner, the instant charges specified: that Ben Kasper Real Estate, Inc., represented by Ben Kasper, on August 9, 1966 prepared a commission agreement for execution by the purchaser indicating that together with Scharf, as brokers, they brought about the transaction between the Niegocki estate and McGovern; that said corporation had its representative, Charles Kasper, attend the closing; that said corporation billed the purchaser for two thirds of the commission due although Scharf, with whom they were reportedly to share commission, was not in fact a licensed real estate broker; that said corporation in seeking to effect collection of commission based on an alleged agreement with Scharf and purchaser was abetting unlicensed activity on the part of Scharf, and " WHEREFORE the foregoing is submitted to determine if  *  *  *  BEN KASPER as representative broker of BEN KASPER REAL ESTATE, INC.  *  *  *  [has] violated Section 440A of the Real Property Law and demonstrated untrustworthiness pursuant to Section 441C of the Real Property Law and for such action as may be deemed warranted." Although the charges adequately point out the charge of abetting unlicensed activity, the basis for the revocation was Kasper's untrustworthiness predicated on the conclusion that he exerted a " squeeze " on the purchaser to obtain a commisison on the sale, compounded by threats to Scharf, no part of which is indicated in the charges, definitely or otherwise. The bare charge of untrustworthiness did not enable petitioner to know that he must defend against the " squeeze " and threat charges, particularly where his attention had been directed to the abetting item. Upon a new hearing, testimony of Bloom should be heard. Determination annulled and proceeding remitted for a new hearing upon proper notice, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.